UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| JENNIFER NEVINS, | ) |  |
|---|---|---|
|  | ) |  |
| Plaintiff, | ) |  |
|  | ) |  |
| vs. | ) | No. 1:18-cv-763-JMS-MPB |
|  | ) |  |
| MED-1 SOLUTIONS, LLC. | ) |  |
|  | ) |  |
| Defendant. | ) |  |

## ORDER

Presently pending before the Court are Plaintiff Jennifer Nevins' fee requests. [Filing No. 15; Filing No. 17; Filing No. 18; Filing No. 21.] Following her acceptance of Defendant Med-1 Solutions, LLC's ("Med-1") offer of judgment in the total amount of $1,000, Ms. Nevins filed three requests for attorney's fees and costs, totaling $5,208.50. Med-1 contends that the Court should calculate fees and costs based on Ms. Nevins' initial fee request of $4,068.50. For the reasons set forth herein, the Court **GRANTS** Ms. Nevins' first Motion for Attorney's Fees and Costs, [Filing No. 15], and awards Ms. Nevins a total of $4,068.50 in fees and costs, **DENIES** Ms. Nevins' second and third Motions for Attorney's Fees and Costs, [Filing No. 18; Filing No. 21], and **DENIES** as Moot Ms. Nevins' Motion for Determination on Fees and Costs, [Filing No. 17].

I.
BACKGROUND

**A. Ms. Nevins' Counsel**

Ms. Nevins' counsel, John Steinkamp, has been practicing law since 1997 and has worked on over 900 Fair Debt Collection Practices Act ("FDCPA") cases during that time. [Filing No. 15-2 at 1-2.] He has presented on FDCPA issues at national conferences and conducted seminars

1

and webinars on the subject. [Filing No. 15-2 at 2.] In addition, he is a member of multiple professional associations, including the National Association of Consumer Advocates. [Filing No. 15-2 at 2.]

**B. Ms. Nevins' Claim Against Med-1**

On March 9, 2018, Ms. Nevins filed a complaint alleging that Med-1 violated the FDCPA, 15 U.S.C. §§ 1692(c)-(f). [Filing No. 1-1 at 4-5.] On May 21, 2018, Ms. Nevins accepted an offer of judgment for $1,000 in statutory damages and "reasonable attorney's fees and costs." [Filing No. 12].

On May 25, 2018, Ms. Nevins sent Med-1 an itemized list of fees and costs totaling $3,163, and requested payment by June 6, 2018. [Filing No. 15-3 at 6.] Ms. Nevins notified Med-1 that she would file a Motion for Assessment of Attorney's Fees and costs, including supplementary fees incurred in filing the Motion, if she did not receive payment by June 6, 2018. [Filing No. 15-4 at 1.] Med-1 did not tender payment in response to the request. [Filing No. 15 at 1.]

On June 8, 2018, Ms. Nevins filed the first of three Motions for Attorney's Fees and Costs. [Filing No. 15.] In the first request, Ms. Nevins sought $4,068.50 in attorney's fees and costs based upon rates of $300 per hour for her attorney, Mr. Steinkamp, and $125 per hour for Mr. Steinkamp's law clerk and paralegal. [Filing No. 15.] Med-1 did not file a response to Ms. Nevins' initial fee Motion. [Filing No. 17 at 1.]

On August 10, 2018, Ms. Nevins filed a Motion for Determination of Fees, along with a second Motion for Attorney's Fees and Costs, asking for supplemental fees and costs incurred in the filing of the Motion for Determination of Fees, bringing the total requested amount of fees and costs to $4,598.50. [Filing No. 18 at 2.] Med-1 filed a response opposing Ms. Nevins' second fee Motion. [Filing No. 19 at 2.]

2

On August 14, 2018, Ms. Nevins filed her reply to Med-1's response and, additionally, filed a third Motion for Attorney's Fees and Costs[1], asking for attorney's fees and costs incurred in the filing of her reply, which, combined with the amount she previously requested, brought the total requested amount of fees and costs to $5,208.50. [Filing No. 20; Filing No. 21.] Med-1 filed a surreply in opposition to Ms. Nevins' third fee Motion. [Filing No. 22 at 3].

Ms. Nevins' fee Motions are fully briefed and ripe for the Court's consideration.

## II.
### DISCUSSION

The Court first addresses Ms. Nevins' initial Motion, followed by the subsequent Motions.

**A. Ms. Nevins' First Motion for Attorney's Fees and Costs**

In her initial Motion for Attorney's Fees and Costs, Ms. Nevins argues that the requested amount of attorney's fees is reasonable because: (1) her attorney is highly experienced at litigating FDCPA cases; (2) she achieved complete success on her claims; and (3) she is entitled to the additional fees and costs incurred in the filing of her fee request as a matter of law. [Filing No. 16 at 7-11.]

Med-1 did not respond to Ms. Nevins' Motion. [Filing No. 19 at 2].

Section 1692k of the FDCPA provides that "any debt collector who fails to comply with any provision of this subchapter with respect to any person is liable to such person in an amount equal to the sum of . . . the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a). The Court "begins the fee calculation by computing a 'lodestar': the product of the hours reasonably expended on the case multiplied by a

---

[1] Ms. Nevins titled this filing "Plaintiff's Notice of Additional Attorneys' Fees and Costs." [Filing No. 21.] The Court will treat this filing as a third fee Motion, consistent with the content of the document.

reasonable hourly rate." *Montanez v. Simon*, 755 F.3d 547, 553 (7th Cir. 2014). The lodestar calculation produces a "presumptively reasonable fee," which may be adjusted based on factors not accounted for by the award calculation. *Id.* at 553 (citing *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983)).

In reviewing fee-shifting evidence, the Supreme Court has held that trial courts "need not, and indeed should not, become green-eyeshade accountants." *Fox v, Vice*, 563 U.S. 826, 838 (2011). Rather, "[t]he essential goal . . . is to do rough justice" and to avoid allowing the fee determination to "result in a second major litigation." *Id.* (internal quotation omitted).

Though the parties do not dispute the amount of Ms. Nevins' original fee request, the burden is nevertheless on Ms. Nevins to show that: (1) the requested hourly rate is reasonable "in line with those prevailing in the community," *Pickett v. Sheridan Health Care Ctr.*, 664 F.3d 632, 640 (7th Cir. 2011) (*quoting Blum v. Stenson*, 465 U.S. 886, 895 n.11 (1984)); and (2) her attorney reasonably calculated the hours expended using "billing judgment," *Hensley*, 461 U.S. at 437.

*1. Reasonableness of the Hourly Rate*

The Court first turns to the reasonableness of Mr. Steinkamp's hourly rate. In her Motion, Ms. Nevins sought $4068.50 in attorney's fees and costs based upon rates of $300 per hour for attorney Mr. Steinkamp, and $125 per hour for Mr. Steinkamp's law clerk and paralegal, totaling $4068.50. [Filing No. 15.] This rate is unchallenged by Med-1. [Filing No. 19 at 2.]

The best evidence a plaintiff may offer of a reasonable hourly rate is "an attorney's actual billing rate for similar litigation." *Montanez*, 755 F.3d at 554 (internal quotation omitted). Additionally, the Court may review "evidence of fee awards in prior similar cases . . . as evidence of an attorney's market rate." *Pickett*, 664 F.3d at 646 (quoting *Uphoff v. Elegant Bath, Ltd.*, 176 F.3d 399, 408 (7th Cir. 2011)). However, the Court is not bound by such determinations, *Spegon*

*v. Catholic Bishop of Chi.,* 175 F.3d 544, 557 (7th Cir. 1999), particularly where a fee award lacks an "explanation as to how the court[ ] had arrived at [a particular] rate." *Pickett*, 664 F.3d at 643 n.4.

In support of her fee request, Ms. Nevins submitted Mr. Steinkamp's Affidavit of Attorney's Fees. [Filing No. 15-1.] While the affidavit fails to mention the prevailing rates in the community, it does offer Mr. Steinkamp's attorney's lien of $325 per hour and his paralegal's lien of $125. [Filing No. 15-1 at 2.] Presumably, this is meant to approximate Mr. Steinkamp's actual billing rate, a figure which is complicated by the nature of contingency fee cases. [Filing No. 16 at 6.] *See Tolentino v. Friedman*, 46 F.3d 645, 652 (7th Cir. 1995) (noting that "whether a fee is fixed or contingent" factors into an attorney's fees calculation under *Hensley*).

Next, Ms. Nevins refers the Court to cases in which this Court has awarded Mr. Steinkamp his requested rate of $300 per hour and between $100 and $125 per hour for his paralegal. [*See* Filing No. 16 at 5-6. (citing, among others, *Washington v. Med-1 Solutions, LLC*, 2018 WL 1426570 at *3 (S.D. Ind. 2018) (awarding a rate of $125 per hour to Mr. Steinkamp's paralegal and $300 per hour to Mr. Steinkamp, an increase from a previously-awarded rate of $250, due to "inflation, his increased experience, and success and reputation in litigating these types of cases"); *Begley v. Monarch Recovery Management, Inc.*, 2016 WL 8716485 at *2 (S.D. Ind. 2016) (awarding a rate of $300 per hour to Mr. Steinkamp and $100 per hour to his paralegal)).] Together these cases provide persuasive reasoning and demonstrate that the requested rates are within the bounds that have been accepted by judges of this Court.

Because Med-1 does not dispute Mr. Steinkamp's fee rate, and Ms. Nevins has provided the Court with persuasive evidence that her attorney's fees are reasonable, with the underlying

5

goal of achieving "rough justice," the Court finds that $300 is a reasonable hourly rate for Mr. Steinkamp, and $125 is a reasonably hourly rate for his law clerk and paralegal.

*2. Reasonableness of the Expended Hours*

The Court now turns to the reasonableness of the hours Mr. Steinkamp and his staff expended on Ms. Nevins' case. Med-1 does not challenge the reasonableness of hours expended in this case up to and including the filing of Ms. Nevins' first fee Motion. [Filing No. 19 at 2.]

In support of her fee request, Ms. Nevins submitted Mr. Steinkamp's time records, seeking compensation for 8.9 hours of Mr. Steinkamp's time and 6.9 hours of law clerk and paralegal time. [Filing No. 15-3 at 5.][2] This includes 1.6 hours of Mr. Steinkamp's time and 1.7 hours of law clerk/paralegal time expended in preparing and filing the fee Motion. [Filing No. 15-3 at 5.]

The burden remains on Ms. Nevins to show that the hours Mr. Steinkamp and his staff expended on this case are reasonable, using "billing judgment." Hensley, 461 U.S. at 434. The Supreme Court in *Hensley* reminds plaintiffs that "[h]ours that are not properly billed to one's *client* are also not properly billed to one's *adversary* pursuant to statutory authority." Id. (quoting Copeland v. Marshall, 641 F.2d 880, 891 (D.C. Cir. 1980) (*en banc*) (emphasis in original) (internal quotations omitted). Generally, costs incurred during fee litigation are compensable. *See* Morjal v. City of Chicago, 774 F.3d 419, 422-23 (7th Cir. 2014).

Because there is no dispute over the reasonableness of the hours expended by Mr. Steinkamp up to and including the initial fee Motion, and Mr. Steinkamp has provided time records which do not offend the Court's sense of "billing judgment," the Court finds that the 8.9 hours Mr.

---

[2] Because Ms. Nevins failed to provide the court with separate hourly sums for Mr. Steinkamp and his paralegal/ law clerk, these exact numbers are not explicitly in the record and are instead the product of the Court's own arithmetic.

Steinkamp and 6.9 his paralegal and/or law clerk expended up to and including the initial fee Motion are reasonably compensable.

### 3. Lodestar Calculation

Given the Court's determination that both the hours expended up to and including Plaintiff's first fee Motion and the hourly rate requested are reasonable, Ms. Nevins' First Motion for Attorney's Fees and Costs is **GRANTED**. [Filing No. 15.] The Court awards 6.9 hours of paralegal/law clerk time at $125 per hour, totaling $862.50 and 8.9 hours of Mr. Steinkamp's time at $300 per hour, amounting to $2,670, for a grand total of $3,532.50 in attorney's fees. The Court additionally awards Ms. Nevins $536 in costs for a combined award of **$4,068.50**.

**B. Ms. Nevins' Subsequent Fee Motions**

A little over two months after Ms. Nevins filed her initial fee Motion, she set forth a chain of subsequent litigation. Med-1 did not respond to Ms. Nevins' first fee Motion, so she filed a second, duplicative motion, called a Motion for Determination of Fees and Costs that simply reiterates why she is entitled to the amount at issue in her first fee Motion. [Filing No. 17.] The same day, Ms. Nevins filed her second Motion for Determination on Fees and Costs, "requesting an additional $530.00 in [attorney's] fees and costs which represents fees and costs incurred after" she filed the first fee Motion. [Filing No. 18.]

Ms. Nevins contends that under Local Rule 7-1, Med-1 was obligated to respond to her initial fee Motion within two weeks of filing. [Filing No. 17 at 2.] Accordingly, Ms. Nevins argues that: (1) she is entitled to additional fees and costs incurred in notifying this Court of Med-1's failure to respond to her first fee motion; (2) Med-1's failure to respond constituted a violation of Local Rule 7-1; (3) because of Med-1's alleged violation of Local Rule 7-1, this Court may "issue a finding against" Med-1 "as a result of its conduct;" and (4) this Court should award attorney's fees and costs without any response from Med-1. [Filing No. 17 at 1-2].

7

In its response brief, Med-1 argues that it was under no obligation under Rule 7-1 to respond to Ms. Nevins' first fee Motion and that it deliberately and permissibly chose not to respond. [Filing No. 19 at 1.] Med-1 requests that this Court decline to award the additional fees Ms. Nevins incurred in filing her second fee Motion and instead determine fees and costs based upon Ms. Nevins' first fee Motion. [Filing No. 19 at 2.][3]

In her reply brief, Ms. Nevins' directs the Court's attention to *Williams v. Med-1 Solutions*, No. 18-164 (S.D. Ind., Filed July 3, 2018). Ms. Nevins contends that the Court in *Williams* awarded subsequent attorney's fees and costs in "an almost identical situation." [Filing No. 20 at 2.] Ms. Nevins argues that she "is entitled to fees and costs until the Defendant's obligation is satisfied" and that "[i]f Defendant would like the fees and costs to cease, then Defendant should simply pay the fees and costs incurred to date. . . ." [Filing No. 20 at 2.] Along with her reply, Ms. Nevins filed her third and final fee Motion, asking for additional fees and costs incurred in the preparation of her reply. [Filing No. 21 at 1].

In its surreply, Med-1 reiterates its argument that it was under no obligation to respond to Ms. Niven's first fee Motion and that this Court should make its fee determination based only upon the initial fee Motion. Med-1 claims that Ms. Nevins mischaracterizes the similarities between this case and *Williams*, and that Ms. Nevins' subsequent fee Motions "serve only to needlessly increase the cost of litigation" and "do nothing more than inform this Court of facts [of] which it is already aware." [Filing No. 22 at 2-3.] Med-1 asserts that once the initial fee Motion was filed, Ms. Nevins "needed to do nothing other than wait for this Court to issue its opinion." [Filing No.

---

[3] Although it has no bearing on the Court's analysis, the Court notes that Med-1 mistakenly identified the filing date of Ms. Nevins' initial fee Motion as August 10, 2018, rather than the correct date of June 8, 2018.

22 at 2]. Med-1 also requests that the Court reduce Ms. Nevins' fee award based upon Med-1's fees incurred in replying to Ms. Nevins' subsequent fee Motions. [Filing No. 22 at 3.]

At the outset, the Court notes that it need not address Med-1's argument in favor of reduction, and declines to reduce the fee award, as arguments raised for the first time on reply are waived. *Loja v. Main Street Acquisition Corporation*, __ F.3d. __, 2018 WL 5077679 at *3 (7th Cir. 2018).

Turning to Ms. Nevins' subsequent fee Motions, [Filing No. 18; Filing No. 21], such Motions present a unique inquiry to the Court. No longer is the Court asked to simply measure the reasonableness of an attorney's time and pay rate and apply a mathematical formula to produce a presumptively reasonable result; rather, the reasonableness of Ms. Nevins' actions in filing two additional fee Motions is at issue.

It is a fundamental principle in attorney's fees determinations that "the district court has discretion in determining the amount of a fee award" because of the Court's "superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters." *Hensley*, 461 U.S. at 437. District courts have discretion to adjust fee compensation based upon a determination of reasonableness. *Id*. at 434. In a typical fee-shifting scenario, plaintiffs may recover fees incurred during fee litigation. *Morjal*, 774 F.3d at 422-23. However, the Court is empowered to do "rough justice" and make a reasonableness determination outside of the standard lodestar calculation. *Fox*, 563 U.S. at 838; *Hensley,* 461 U.S. at 434. Therefore, while "fees on fees" are generally compensable, *Morjal*, 774 F.3d at 422-23, the award nevertheless must be judged reasonable by the factfinder.

*1. Ms. Nevins' Second Fee Motion*

The Court first turns to Ms. Nevins' argument that Med-1 was obligated to respond to her first fee Motion in accordance with Local Rule 7-1. [Filing No. 17-2].[4] Local Rule 7-1(a)(3)(A) states: "Any response is due within 14 days after service of the motion." S.D. Ind. LR 7-1(a)(3)(A). The Seventh Circuit empowers District Courts to interpret and enforce their local rules. *Elustra v. Mineo*, 595 F.3d 699, 710 (7th Cir. 2010). The meaning of Rule 7-1(a)(3)(A) is plain: it does not create an independent obligation to respond; it merely provides a timetable for response. Therefore, Ms. Nevins' argument that the "failure to file a response in a timely fashion constitutes a violation of local rules and this court may issue a finding against Defendant as a result of its conduct" [Filing No. 17-2], mischaracterizes Local Rule 7-1.

Moreover, Ms. Nevins' Motion for Determination on Fees and Costs, [Filing No. 17], is merely a repeat of her prior Motion for Attorney's Fees and Costs, [Filing No. 15], with the only additional detail being that the subsequent Motion informed the Court that Med-1 had declined to respond to the initial Motion. A district court possesses "inherent powers" to manage its "own affairs so as to achieve the orderly and expeditious disposition of cases," *Dietz v. Bouldin*, __ U.S. __, 136 S. Ct. 1885, 1891 (2016), including the power to manage its own docket, *Clinton v. Jones*, 520 U.S. 681, 706 (1997). In managing its docket, the Court is disinclined to entertain a motion that merely amounts to a spontaneous nudge to the Court to rule upon a ripe motion. The time elapsed between Med-1's original response deadline and Ms. Nevins' second motion was 47 days. While the Court endeavors to resolve pending motions in a timely manner, the Court's caseload presents challenges. This Court is the second busiest district court in the country as measured by

---

[4] In her Motion for A Determination on fees, Ms. Nevins cites "Local Rule 7-2." In its analysis, the Court will assume that Ms. Nevins is referring to Local Rule 7-1(a)(3)(A), which governs responses.

weighted filings per judgeship. *United States Courts, U.S. District Courts – Combined Civil and Criminal Federal Court Management Statistics* (June 30, 2018), http://www.uscourts.gov/sites/default/files/data_tables/fcms_na_distprofile0630.2018.pdf. Forty-seven days on a fee petition is not an unreasonable period of time. Moreover, the Court simply does not have the time or the resources to resolve duplicative, frivolous motions, and declines to award attorney's fees for the filing of such.

Ms. Nevins fails to cite any alternative legal grounds for her second fee Motion. [Filing No. 17; Filing No. 18.] Therefore, the Court is not persuaded that an award of attorney's fees for the filing of Ms. Nevins' Motion for Determination on Fees and Costs is reasonable, and her second fee Motion is **DENIED**. [Filing No. 18].

  2. *Ms. Nevins' Third Fee Motion*

The Court now turns to the reasonableness of Ms. Nevins' third and final fee Motion for additional fees of $610 incurred in her reply to Med-1's eventual response. [Filing No. 21.]

The factual circumstances of the third fee Motion vary slightly from those of the second Motion. Ms. Nevins' third fee Motion accompanies a reply; it is not a spontaneous nudge to the Court, but rather a responsive filing to Med-1's response. [Filing No. 20; Filing No. 21.] Despite the general principle that hours expended during fee litigation are recoverable, *Morjal*, 774 F.3d at 422-23, the Court should deny recovery for attorney time spent on "excessive, redundant, or otherwise unnecessary" litigation. *Small v. Richard Wolf Medical Instruments Corp.*, 264 F.3d 702, 708 (7th Cir. 2001) (quoting *Hensley,* 461 U.S. at 434). Ms. Nevins' second fee Motion and its resulting reply brief are precisely what *Hensley* instructs parties to avoid: a "second major litigation" over fees. 461 U.S. at 437. In her third fee Motion, Ms. Nevins responded to an issue of her own creation. This Court's decision in *Williams*, offered by Ms. Nevins in her third fee

11

Motion as evidence of her entitlement to additional fees, provides no relevant reasoning to persuade the Court in the instant case. *Williams v. Med-1 Solutions*, No. 18-164 (S.D. Ind., Filed July 3, 2018). Ms. Nevins cites no other legal grounds for a third fee Motion, aside from an oblique reference to the FDCPA, [Filing No. 2 at 2], which provides no guidance in this case other than reasonableness. 15 U.S.C. § 1692k(a). Therefore, this Court finds that the fees requested in the Motion are unreasonable and Ms. Nevins' third fee Motion is **DENIED**. [Filing No. 21.]

### III.
### CONCLUSION

For the foregoing reasons, Ms. Nevins' first Motion for Attorney's Fees and Costs, [15], is **GRANTED** and both Ms. Nevins' second Motion for Attorney's Fees and Costs, [18], and her third Motions for Attorney's Fees and Costs, [21], are **DENIED**. The Court awards Ms. Nevins a total of **$4,068.50** in fees and costs, in addition to the previously-accepted judgment for $1000 in actual and statutory damages.

As a result of the aforementioned rulings, Ms. Nevins' Motion for Determination on Fees and Costs, [17], is **DENIED** as moot.

Final judgment will enter accordingly.

Date: 10/22/2018

Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

**Distribution via ECF only to all counsel of record.**